UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, et al.,   )
ex rel. LAUREN KIEFF,               )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )   CIVIL ACTION
                                    )   NO. 03-12366-DPW
WYETH,                              )
                                    )
          Defendant.                )
_____ )
                                    )
UNITED STATES OF AMERICA, et al.,   )
ex rel. WILLIAM LACORTE,            )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )   CIVIL ACTION
                                    )   NO. 06-11724-DPW
WYETH,                              )
                                    )
          Defendant.                )
                                    )

MEMORANDUM
December 4, 2015

     The government seeks damages in these civil cases under the
Federal False Claims Act, 31 U.S.C. §§ 3729-3733.  The Act
provides that "a subpena (sic) requiring the attendance of a
witness at a trial or hearing being conducted under [the False
Claims Act provision for civil claims, 31 U.S.C.
§ 3730] may be served at any place in the United States."  31
U.S.C. § 3731(a).  The plaintiff United States, in alignment for
this purpose with defendant Wyeth, contends that the statute

authorizes this court to compel witnesses anywhere in the United States to testify before it.  The parties have asked my direction regarding the issue in anticipation of subpoenaing witnesses to the trial in these matters set to begin in March 2016.  I am of the view that § 3731(a), with its authorization of nationwide service, imports an authority in the issuing court to compel testimony where the trial will be conducted, and that Rule 45 is best understood to preserve that statutory authorization while adding a requirement that good cause be shown before a subpoena shall issue.

Because I have been asked to provide direction without benefit of adversary process, however, I emphasize my reservation that this view is provisional and made without prejudice to challenges by any potential witness who seeks to quash such a subpoena.  To assure notice and hold out the opportunity to be heard in opposition to my provisional view in an adversarial setting, I will require that any subpoena as to which either party may seek enforcement under § 3731(a) shall have attached to it a copy of this Memorandum.

## I. ANALYSIS

The conventional rule for the enforcement of civil process — Rule 45 of the Federal Rules of Civil Procedure — allows a court to compel attendance at a trial or hearing only from certain persons who reside, are employed, or regularly transact

business in the state or within 100 miles of where the
proceeding is to be held.  Fed. R. Civ. P. 45(d)(3).  The
parties implicitly contend and - subject to the reservation that
this view is without prejudice to challenge in an adversarial
setting - I expressly conclude that § 3731(a) of the False
Claims Act supplements Fed. R. Civ. P. 45(d)(2).  In reaching
this conclusion, I first interpret § 3731(a) before analyzing
the statute's interaction with the Federal Rules of Civil
Procedure.

## A.    The Scope of § 3731(a)

It appears that no appellate court has yet interpreted
§ 3731(a).  *U.S.* ex rel. *Brooks* v. *Stevens-Henager College, Inc.*
Civ. No. 13-00009-BLW, 2015 WL 758988 (D. Ida. Feb. 23, 2015).
Nevertheless, the overwhelming trend in district court case law,
which generally arises somewhat obliquely in the context of
venue disputes, is that § 3731(a) allows courts issuing
subpoenas to compel testimony from witnesses anywhere in the
United States.  *See, e.g., id.* at *11 ("the weight of persuasive
authority supports the court's power to subpoena witnesses from
anywhere in the United States to testify"); *United States* ex
rel. *Westrick* v. *Second Chance Body Armor, Inc.*, 771 F.Supp.2d
42, 49 (D.D.C. 2011) ("Because the FCA provides for nationwide
service of trial subpoenas . . . all prospective witnesses will
be available for trial in either district"); *United States* v.

*Gwinn*, No. 06-00267, 2008 WL 867927, at *19 (S. D. W. Va. Mar. 31, 2008) ("compulsory process of unwilling witnesses is available pursuant to the False Claims Act, 31 U.S.C. § 3731(a)"); *Little* v. *ENI Petroleum Co.*, No. 06-120-M, 2007 WL 2254318, at *4 (W. D. Okla. Aug. 3, 2007) ("under the False Claims Act, parties have nationwide power to subpoena all witnesses to testify at trial, regardless of the location of the pending action"); *U.S.* ex rel. *Wilson* v. *Bristol-Myers Squibb, Inc.*, No. CA 06-12195-MLW, 2013 WL 3327317, at *3 (D. Mass. June 27, 2013) ("the weight of authority supports the court's power to subpoena non-party witnesses from anywhere in the United States to testify in Massachusetts"); *U.S.* ex rel. *Penizotto* v. *Bates E. Corp.,* No. CIV.A. 94-3626, 1996 WL 417172, at *5 (E.D. Pa. July 18, 1996) ("Under the FCA, parties have nationwide power to subpoena all witnesses to testify at trial, regardless of the location of the pending action.").  Those courts that have determined § 3731(a) grants nationwide compulsory process, however, have done so without fully developed analysis. Moreover, many of these opinions predate the 2013 revisions to Rule 45.

By contrast, one of the very few district court opinions that has taken the opposite position has offered somewhat more extensive reasoning for rejecting the majority position.  The court in *U.S.* ex rel. *Thomas* v. *Siemens, AG*, No. 1:04-cv-116,

2009 WL 1657429 (D.V.I. 2009) at *2, observed that Rule 45 treats as separate two aspects of the subpoena process: the place of service and the place where testimony may be compelled. The since-revised subsection (b) of Fed. R. Civ. P. 45 governed where a subpoena may be served (currently, at any place within the United States).  Subsection (b)(2) of Rule 45 (now part of the separate subsection (c)) limited where the subpoena may command a person to attend and provide testimony to within the state or within 100 miles.  Subsection (c)(3) (now (d)(3)) was said in *Siemens* to require a court to quash a subpoena that fails to command testimony within those limits.

The observation in *Siemens* that Rule 45 treated the service and enforcement of subpoenas separately was formally prescient. In the 2013 revisions to Rule 45, those two steps in the subpoena process were more clearly separated, at least stylistically: Rule 45(b) now allows nationwide service of subpoenas while Rule 45(c) limits where those subpoenas may order a witness to appear.[1]

---

[1] *See also* Report of the Civil Rules Advisory Committee to the Standing Committee on Rules of Practice and Procedure May 2, 2011, available at http://www.uscourts.gov/uscourts/RulesAnd Policies/rules/Reports/CV05-2011.pdf ("Proposed Rule 45(b)(2) removes the uncertainty about where a subpoena may be served; in place of a four-part provision in the current rule, the amended rule simply authorizes service "at any place within the United States."  The rule is modeled on Fed. R. Crim. P. 17(e), which provides for nationwide service of subpoenas in criminal cases. But unlike Criminal Rule 17(e), the amended rule does not

Having noted that service and enforcement of subpoenas were treated separately by Rule 45, the *Siemens* court concluded that § 3731(a) only affected the former.  Section 3731(a), the court held, provides only that a subpoena "may be served" nationwide; nothing in the statute expressly addressed the enforcement of subpoenas or where the recipient of a subpoena might lawfully be ordered to appear.  Upon reflection, I find the textual analysis of the *Siemens* court to be unsympathetic to the plain intent of § 3731(a) and oblivious to the familiar language used to embody that intent.  I conclude its holding should not be followed.

It has been commonplace for other rules and statutes to use language similar to that of § 3731(a) in authorizing compulsory subpoenas of witnesses nationwide.  Under § 3731, a subpoena "requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States." 31 U.S.C. § 3731(a).  This language is very similar to that of Federal Rule of Criminal Procedure 17(e), which provides that a "subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States."  It is well-established that this Rule allows for nationwide service and enforcement of subpoenas in criminal

_____

purport to require a person subject to a subpoena to comply in the issuing court.  Instead, new Rule 45(c) collects the provisions on place of compliance that were formerly located in a number of provisions of Rule 45 and simplifies them.")

proceedings.  *See, e.g., Johnson* v. *Big Lots Stores, Inc.,* 251 F.R.D. 213, 218 (E.D. La. 2008)(Rule 17(e)(1) is a "straightforward example of a rule providing for nationwide subpoena service"); WRIGHT AND HENNING, 2 FED. PRAC. & PROC. CRIM. § 277 (4th ed.) (describing rule in terms of allowing both service and power to "compel" testimony).  Likewise, the Walsh Act, which governs the process for issuing subpoenas on United States nationals outside the country, speaks only of issuing those subpoenas, without separately discussing enforcement.  28 U.S.C. § 1783(a) ("A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country . . . .").  Certain substantive statutes also contain similar provisions.[2]

---

[2]  For example, in antitrust suits brought by the United States, "subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district," although cause must be shown for distant witnesses. 15 U.S.C. § 23.  Nearly identical language to that antitrust provision appears in 38 U.S.C. § 1984(c), governing disputes over veterans' insurance.  The RICO statute provides that "In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpenas issued by such court to compel the attendance of witnesses may be served in any other judicial district," although it requires judicial approval for subpoenas issued on individuals outside of the district and more than 100 miles from the court. 18 U.S.C. § 1965(c).

For each of these parallel statutes, not only service but also nationwide enforcement of subpoenas is generally understood to be authorized.[3]  This is so even though they speak only of the "service" or "issuing" of a subpoena.  While it can be dangerous to assume that language in one part of the United States Code has the same effect in every statute, *see, e.g.,* William W. Buzbee, *The One-Congress Fiction in Statutory Interpretation*, 149 U. PA. L. REV. 171, 221 (2000), it is clear that language like that of § 3731(a) not only *can* authorize both nationwide service and nationwide enforcement of a subpoena, but usually does. These parallel provisions show that the text of § 3731(a), although it refers only to service of a subpoena, does not compel the interpretation advanced in *Siemens*; rather, the kind of language used in § 3731(a) generally allows nationwide service and enforcement of subpoenas.

On this textual basis alone, I would be likely to find, with the great majority of courts, that the False Claims Act allows a court to compel testimony from witnesses from anywhere in the United States.  Any remaining ambiguity is resolved by

---

[3] *See, e.g., Azari* v. *B&H Photo Video*, No. 06 CIV.7825 DLC, 2007 WL 13101, at *3 (S.D.N.Y. Jan. 3, 2007) ("The RICO statute generally provides for nationwide service of process for witnesses, 18 U.S.C. § 1965(c); *see PT United Can Co.* v. *Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1997), so neither court should have difficulty compelling witnesses to testify.").

the legislative history of § 3731(a).  The legislative history of § 3731(a) supports the holdings of the majority of district courts that enforcement of a False Claims Act subpoena is not subject to the geographical limitation now found in Fed. R. Civ. P. 45(d)(2).  Section 3731(a) was added to the False Claims Act in 1978, under the title "An Act to provide for nationwide service of subpoenas in all suits involving the False Claims Act."  Pub. L. No. 95-582, 92 Stat. 2479.  The House Committee report makes clear that the purpose of the legislation, which came at the recommendation of the Department of Justice, was to facilitate the prosecution of False Claims Act cases by ensuring that witnesses from across the country could be brought into court by subpoena.  H.R. Rep. No. 95-1447 (1978).  The same report emphasized that the language of § 3731(a) was modeled after Federal Rule of Criminal Procedure 17(e), which grants a nationwide subpoena power in criminal matters.  *Id.* at 3 ("the distance or uncooperativeness of witnesses does not impede the prosecution of Federal criminal cases because nationwide service of subpoenas has been authorized under Rule 17.")  The clear intent and effect of § 3731(a) is to authorize courts to compel witness testimony nationwide.

**B.    Interaction Between § 3731(a) and Rule 45**

Having determined that § 3731(a) provides nationwide subpoena power in False Claims Act cases would, until recently, have settled this issue.  In the 2013 revisions to Federal Rule of Civil Procedure 45, however, textual support in the rule has disappeared.  In what seems to be an oversight of the revisers, the provision of the Rule which allowed for the operation of statutes that expand a court's subpoena power, like § 3731(a), was dropped from the current Rule.  I nevertheless hold that the Rules give effect to § 3731(a) and similar statutes, according to the same standards as before the 2013 revisions.

At issue here is the relationship between Rule 45 and § 3731(a).  Until the 2013 revisions, this relationship was clear. The former Rule 45(b)(2)(D) authorized service "at any place . . . that the court authorizes on motion and for good cause, if a federal statute so provides."  Thus, the Rule expressly incorporated federal statutes allowing nationwide service of subpoenas, while also ensuring minimal procedural protections for distant witnesses being called to testify.  Indeed, a provision has existed to allow statutes to expand the geographic reach of courts' subpoena powers since the original enactment of the Rules of Civil Procedure.  *See* Fed. R. Civ. P. 45, 1937 Advisory Committee Note to Subdivision (e) ("For examples of statutes which allow the court, upon proper application and

cause shown, to authorize the clerk of the court to issue a subpoena for a witness who lives in another district and at a greater distance than 100 miles from the place of the hearing or trial, see…").

By excising this provision, the revisers might be thought to have made a significant change to subpoena practice under a variety of federal statutes.  In the absence of former Rule 45(b)(2)(D), it could be argued that § 3731(a) and other similar statutes have been abrogated.  Under the Rules Enabling Act, 28 U.S.C. § 2072(b), federal rules supersede previously existing statutes with which they conflict.  Courts agree that under this provision, if there is a conflict between a rule and a statute, the later-enacted provision governs; new rules automatically abrogate conflicting statutes, but Congress retains the power to supersede rules through subsequent action.  *Jackson* v. *Stinnett*, 102 F.3d 132, 134-5 (5th Cir. 1996); *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO* v. *Custom Air Sys., Inc.*, 333 F.3d 345, 348 (2d Cir. 2003).  Thus, if they were in conflict, the 2013 revisions to Rule 45 would trump the 1978 enactment of § 3731(a), as well as other previously existing statutes.

These two provisions are superficially in conflict.  Rule 45(d)(3)(A)(ii) expressly requires a subpoena to be quashed if it fails to comply with the geographical limits specified in

Rule 45(c).  In turn, Rule 45(c)(1) only allows a subpoena to command a person to attend a trial, hearing or deposition within the state, or within 100 miles of, where the person resides, is employed, or regularly transacts business.  No express exception is made for subpoenas authorized by statutes, as was made before 2013.  Read literally, then, this would require a subpoena served on a distant, out-of-state witness under § 3731(a) to be quashed.

Such a literal reading would be inappropriate here, however.  The 2013 revisions to Rule 45 involved wholesale revision of the text of the rule but were not intended substantively to alter the locations to where a court's subpoena power would extend.  The new subdivision (c) was meant to "collect[] the various provisions on where compliance can be required and simplif[y] them."  Fed. R. Civ. P. 45, 2013 Advisory Committee Notes.  *See also* Report of the Civil Rules Advisory Committee to the Standing Committee on Rules of Practice and Procedure at 6, May 2, 2011, available at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Reports/ CV05-2011.pdf, ("Rule 45(c) conforms very closely to the scattered provisions of the current rule regarding place of compliance"). This was understood to be "mostly a stylistic change."  WRIGHT & MILLER, 9A FED. PRAC. & PROC. CIV. § 2451 (3d ed.). Neither the Advisory Committee Notes nor the report of the Civil

Rules Advisory Committee suggests that there was any intent to abrogate those statutes allowing for nationwide subpoena powers.

In interpreting the relationship between the Rules and statutes, repeals by implication are disfavored, unless there is an irreconcilable conflict between the two provisions. *Jackson* v. *Stinnett*, 102 F.3d at 135-36.  The conflict between Rule 45 and § 3731(a) is not impossible to resolve. The operation of Rule 45 prior to 2013 shows that specific statutes can provide nationwide subpoena powers alongside the geographically-constrained powers provided in Rule 45.  Both provisions can be given effect and doing so would best realize the intent of the Rule's drafters and of Congress.

Reconciling Rule 45 and § 3731(a) requires still one further step, however.  In providing for nationwide service of subpoenas under the False Claims Act, Congress did not place any procedural limits on when those subpoenas may be granted.  31 U.S.C. § 3731(a).  This stands in contrast to analogous statutes, where cause must be shown for subpoenas issued to distant witnesses.  *See, e.g.,* 15 U.S.C. § 23 (antitrust). Prior to 2013, Rule 45(b)(2)(D) would have superimposed such a good cause requirement.  Now, if both Rule 45 and § 3731(a) are to be given effect literally, there would be no such cause requirement regarding False Claims Act cases subpoenas.  This, too, would stray from the revisers' intent to make only

stylistic changes and could not be said to have "preserved all of the protections previously in place for a non-party who is subject to a subpoena." WRIGHT & MILLER, 9A FED. PRAC. & PROC. CIV. § 2451 (3d ed.).  Consequently, to preserve the pre-2013 status quo — as I must to enforce both the Rule and the statute faithfully — I will require the parties before me to show good cause before a subpoena shall issue under § 3731(a) compelling attendance at trial by witnesses out-of-state and more than 100 miles away.  I conclude that this requirement, now implicit rather than explicit in the Rule, gives meaning to the direction of Rule 45(d)(1) to avoid the imposition of undue burden on persons subject to a subpoena, which the district court is obligated to enforce.

## II. CONCLUSION

I am of the view that this Court has the power to compel attendance from witnesses from anywhere in the United States for civil False Claims Act cases, if good cause is shown.  This memorandum shall be attached to subpoenas served on witnesses whose presence at the trial in this case is sought based on 31 U.S.C. § 3731(a).  Potential witnesses will thereby have notice both that a provisional determination has been made regarding this issue and that it has been made without

prejudice, so that they may seek an opportunity to be heard in challenge to the provisional determination.


/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE